STATE, CAPE MAY AND MILLVILLE RAILROAD COMPANY, PROSECUTORS, v. THE COLLECTOR OF MIDDLE TOWN-SHIP, CAPE MAY.

1. Where a railroad company have completed their road and appendages, so far as is at present contemplated, at their several stations, the land lying outside the roadway limitation of one hundred feet, not being in actual use, nor in present contemplation of use by the company, is liable to taxation.
2. Railroad corporations are not liable to be taxed for the land, not exceeding the width prescribed by the charter, over which they are authorized to lay out their road; nor for buildings erected thereon, if convenient for the uses to which the road can be applied under the charter.

On *certiorari* to review tax assessment on lands.

Argued at November Term, 1875, before Justices SCUDDER and DIXON.

For the prosecutors, *S. H. Grey.*

SCUDDER, J.    The prosecutors are taxed for nine acres of land lying at three different stations in Middle township, Cape May county.    At Swain's, three acres and eighty-five hundredths; at Court House, four acres and fifteen hundredths; at Rio Grande, four acres and fifteen hundredths. Within these measurements are included the roadway as actually used, sixty-six feet in width; land occupied for station-houses, &c., within and outside of the sixty-six feet in width; and other land, making the entire width at each station two hundred feet.

The township assessor has assessed all lands outside the width of sixty-six feet.    The company claim that they are entitled to an exemption under their charter for a strip of land one hundred feet in width, and for the station-houses standing thereon, for which they can only be taxed according to the limitation of their charter.

By the charter of the company, *Laws*, 1863, *p.* 228, § 8, the road shall not exceed one hundred feet in width, excepting where there are slopes and embankments. They are further authorized to purchase, take, and hold real estate at the commencement and terminus of their railroad, and at stations on the line of the same, and to erect thereon such houses, shops, storehouses, and other buildings and improvements as they may deem useful and expedient for the use of their road, &c.

Section eighteen enacts that, after the road with its appendages shall be finished so as to be used, a statement of the amount of the costs of said road, including all expenses and purchases, shall be filed in the office of the secretary of state, and annually thereafter a tax of one-half of one per cent. on the cost of said road shall be paid, and that no other tax or impost shall be levied or assessed upon the said company.

It appears, in this case, that the company have completed their road and appendages so far as is at present contemplated at their several stations. They have no purpose now of using the land lying outside of the one hundred feet in width at these places, and no part beyond that width is occupied by their improvements. This land outside the roadway limitation of one hundred feet not being in actual use, nor in present contemplation of use by the company, is liable to taxation. *State, M. & E. R. R. Co., pros.,* v. *Haight,* 6 *Vroom* 41 ; *State* v. *Newark,* 1 *Dutcher* 315 ; *S. C.,* 2 *Dutcher* 519 ; *State* v. *Mansfield,* 3 *Zab.* 510.

At two of the stations the houses extend beyond the sixty-six feet in width, but not to the line of one hundred feet. At the third station the house is within the line of sixty-six feet. The gross area of land taxed at the three stations is nine acres, which includes all the land outside one hundred feet in width, and all outside the sixty-six feet in width, not actually occupied by the station-houses. This is wrong, for the company have the right, by their charter, to locate their road at one hundred feet in width, and have purchased and located their road at these several stations to that limit. To

that extent they are exempted from taxation in the usual way, whether they actually occupy it or not. This is implied in all the cases in our courts above cited. It is conceded in all, that the company have the right to hold all the land within the limits which the charter authorizes them to take by condemnation for their roadway, exempt from taxation, according to the terms of their charter. An express authority is also found in *Worcester* v. *Western R. R. Corp.*, 4 *Metc.* 564.

Railroad corporations are not liable to be taxed for the land, not exceeding the width prescribed by the charter, over which they are authorized to lay out their road, nor for buildings erected thereon, if convenient for the uses to which the road can be applied under the charter.

The amount of taxable land included in the return to this writ outside the width of one hundred feet, is five and eighty-seven-hundredths acres. This is of the average value of $80 per acre, according to the testimony, making a valuation of $469.60.

The taxable property and the tax thereon at these three stations, must be reduced to this sum, and the tax is affirmed to the amount of such reduction, and reversed as to the excess, without costs.